Donald A. Robinson, Esq.
**ROBINSON & LIVELLI**
Two Penn Plaza East
Newark, New Jersey 07105
(973) 690-5400
(973) 466-2760 – fax
drobinson@robinsonlivelli.com

Gerald J. Ferguson, Esq.
**BAKER & HOSTETLER LLP**
666 Fifth Avenue
New York, New York 10103
(212) 589-4200
(212) 589-4201 –fax
gferguson@bakerlaw.com
*Attorneys for Plaintiffs IDT Telecom, Inc.*
*and Union Telecard Alliance, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IDT TELECOM, INC., and UNION TELECARD ALLIANCE, LLC;** §§§§§ | |
| **Plaintiffs,** § | **CIVIL ACTION NO. 07-1076** |
| v. §§ | |
| **CVT PREPAID SOLUTIONS, INC., ET AL.,** §§§ | Honorable Susan D. Wigenton, U.S.D.J. Honorable Madeline Cox Arleo U.S.M.J. |
| **Defendants.** §§§§§§§ | **[PROPOSED] PRELIMINARY INJUNCTION ORDER** |

Plaintiffs IDT Telecom, Inc. and Union Telecard Alliance, LLC (collectively, "Plaintiffs") have come before this Court seeking a Preliminary Injunction enjoining Defendants CVT Prepaid Solutions, Inc.; Total Call International, Inc.; STi Phonecard, Inc.; Find & Focus Abilities, Inc; VOIP Enterprises, Inc.; Telco Group, Inc.; and Does 1-100 (collectively

"Defendants"), from engaging in false advertising and unfair and deceptive business and trade practices as alleged in Plaintiffs' Complaint. Based on the Complaint, the Declarations of Anthony Accetta, Joe Farber, Fernando Bohorquez, Phil Johnson, and Gabi Schecter, Plaintiffs' Brief in Support of Application for a Preliminary Injunction, and all other pleadings and proceedings herein, this Court hereby

ORDERS that Defendants and any principals, officers, agents, servants, employees, attorneys, representatives, subsidiaries, sister corporations, parent corporations, affiliates, successors and assigns of Defendants, and all those in privity, concert or participation with Defendants who receive actual notice of this Order, are ENJOINED FROM manufacturing, advertising, promoting, selling, distributing, or providing telecommunications services for prepaid telephone calling cards ("Prepaid Cards") for which:

(i)    a voice prompt announces and informs a consumer of the number of minutes of telecommunications service available for each call, including but not limited to any voice prompt stating that "you have X minutes for this call," "your current balance will allow you to talk for X minutes," "you have X minutes remaining," "you have X minutes," "you have X minutes before applicable service fees," or any similar language, UNLESS at the time of the voice prompt the Prepaid Card is capable of actually delivering to that consumer for that call one hundred percent (100%) of the minutes of telecommunications service that have been announced on the voice prompt;

(ii)    advertisements via posters, point of purchase displays, television, radio, print, newspapers, Internet or any other medium advertise, announce and/or inform consumers of the number of minutes of telecommunications service available to a consumer for a call on a Prepaid Card to a destination referred to in any such advertisement UNLESS on the date of

2

issuance, airing, or printing of the advertisement, or, in the case of posters, the "print on" date, the Prepaid Card is capable of delivering to the consumer 100% of the minutes advertised on a single call to that destination; and

(iii)    a Prepaid Card is not in compliance with all applicable laws and/or regulations regarding prepaid calling cards and the provision of telecommunication services thereunder, including without limitation all laws and regulations regarding disclosures and disclaimers on such prepaid cards; and it is further

ORDERED that Defendants and any principals, officers, agents, servants, employees, attorneys, representatives, subsidiaries, sister corporations, parent corporations, affiliates, successors and assigns of Defendants, and all those in privity, concert or participation with Defendants who receive actual notice of this Order, are ENJOINED FROM:

(i)    using any false or misleading description that can or is likely to misrepresent to the trade or public, or individual members thereof, the characteristics or qualities of any product or service (including without limitation the number of minutes available for a call using a Prepaid Card) advertised, promoted, offered or sold by Defendants, including but not limited to descriptions on or in posters, point of purchase advertising and/or displays, television commercials, radio commercials, advertising in other broadcast media, print advertising, signage, Internet advertising, voice prompts during the long distance access process, or any other medium;

(ii)    engaging in any other activity constituting unfair competition with the Plaintiffs; and

(iii)    assisting, aiding or abetting another person or business entity in engaging or performing any of the activities that are enjoined by this Order; and it is further

3

ORDERED that Defendants

(i)    within fourteen days of the date of this Order, recall all false advertising, including but not limited to posters, point of purchase advertising and/or displays, television commercials, radio commercials, advertising in other broadcast media, print advertising, signage, Internet advertising and advertising in all other media, that has been distributed; and

(ii)    within three days of the date of this Order, issue notices (written or otherwise) to all current distributors of their products and all distributors with whom they have done business in the past twelve months recalling such false advertisement; and it is further

ORDERED that Defendants, within 30 days of the date of this Order, provide Plaintiffs' counsel with an accounting of all sales of Defendants' prepaid calling cards and profits derived therefrom since June 1, 2006; an accounting of all Defendants' prepaid calling cards manufactured or printed since such date; an accounting of all Defendants' prepaid calling cards that have been activated since such date; and it is further

ORDERED that Defendants, within 30 days of the date of this Order, disseminate corrective advertising, at Defendants' expense, that informs consumers, the trade and the public at large of Defendants' unlawful conduct as complained of herein and of the Order requiring Defendants to cease such unlawful conduct, with such advertising taking the form of a full page English language advertisement in the highest circulation English language daily newspaper and a full page Spanish language advertisement in the highest circulation Spanish language daily newspaper in each of the following cities: New York, New York; Miami, Florida; Dallas, Texas; Houston, Texas; Phoenix, Arizona; Washington, D.C.; Chicago, Illinois; and Los Angeles, California; and it is further

ORDERED that Defendants file with this Court and serve on counsel for Plaintiffs, within thirty (30) days after entry of this Order, a written report under oath setting forth in detail the manner in which Defendants have complied with the foregoing paragraphs; and it is further

ORDERED that IDT shall execute and file with the Clerk of this Court within two (2) days of the entry of this Preliminary Injunction a bond or other surety pursuant to F.R.Civ.P. 65(c) in the sum of $_____, conditioned as required by law, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongly enjoined.

Dated: Newark, New Jersey
       April ____, 2007

                                       _____
                                       Hon. Susan D. Wigenton,
                                       United States District Judge

501317278.7

5