# Herrick

NEW YORK

NEWARK

PRINCETON

JOHN R. GOLDMAN
PARTNER
Direct Tel:        212.592.1460
Direct Fax:       212.545.3440

Email:   jgoldman@herrick.com

April 3, 2007

VIA ECF and REGULAR MAIL

Honorable Susan D. Wigenton
United States District Judge
District of New Jersey
Martin Luther King, Jr. Federal Building
     & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

       Re:    IDT Telecom, Inc., *et ano.* v. CVT Prepaid Solutions, Inc., *et al.*
             Docket No. 07 cv 1076 (SDW) (MCA)

Dear Judge Wigenton:

       We represent STi Phonecard, Inc., Telco Group, Inc., VOIP Enterprises, Inc. and Find & Focus Abilities, Inc. (collectively, "Old STi") in this matter and write to respectfully request that Your Honor (i) adjourn for four weeks the dates for opposing papers, reply papers and the hearing on plaintiffs' motion for a preliminary injunction; and (ii) extend until May 11, 2007 the time for Old STi to respond to plaintiffs' document demands and appear for a deposition. We have asked plaintiffs' counsel to consent to these requests, but they have refused. For the reasons set forth below, we submit that these requests are reasonable and should be granted.

       First, plaintiffs only yesterday filed an amended complaint naming STi Prepaid, LLC ("STi Prepaid" or "New STi") as a defendant. In a transaction that closed on March 8, 2007 -- the day plaintiffs filed their original complaint --  STi Prepaid acquired the assets of Old STi. Old STi no longer does business in the pre-paid calling card industry. STi Prepaid continues to do business in the pre-paid calling card industry. Given that STi Prepaid has only recently been sued, and may not even have been served yet, the hearing date should be adjourned to allow STi Prepaid to obtain counsel and prepare its defense to the allegations asserted and relief sought by plaintiffs.

       Second, since the briefing and hearing dates concerning plaintiffs' application for a preliminary injunction should be adjourned, it follows that the very short discovery deadlines should likewise be extended. Moreover, and regardless of  whether the hearing-related dates are adjourned, the deadlines for document and deposition discovery from Old STi should be extended due to the volume of documents sought by plaintiffs and plaintiffs own dilatory conduct. On March 23, 2007, immediately upon learning that plaintiffs had purported to serve a document demand and deposition notice upon Old STi along with the original complaint, I contacted plaintiffs' counsel concerning (i) plaintiffs' discovery demands (which plaintiffs' counsel admitted were overbroad),

HERRICK, FEINSTEIN LLP

A New York limited
liability partnership
including New York
professional corporations

2 PENN PLAZA, NEWARK, NJ 07105 • TEL 973.274.2000 • FAX 973.274.2500 • www.herrick.com



H E R R I C K

Honorable Susan D. Wigenton
April 3, 2007
Page 2

and (ii) Old STi's desire to know whether plaintiffs were prepared to enter into a settlement agreement with Old STi similar to the one plaintiffs had recently entered into with Epana Networks, Inc.[1]  Although plaintiffs' counsel told me that my question was a good one and promised to get back to me with an answer, he did not.  In fact, it was not until the early evening of March 30, 2007 that I was advised that plaintiffs (i) will not settle with Old STi on the terms agreed to with the Epana, Locus and Dollar; and (ii) wanted Old STi to produce documents by April 4, 2007.[2]

Plaintiffs' refusal to reasonably extend Old STI's time to respond to plaintiffs' document demands is remarkable given that plaintiffs' counsel has (i) admitted that their discovery requests are overbroad but have thus far failed to propose any reasonable manner in which to narrow them[3]; and (ii) acknowledged that before documents can be produced by any party (or third-party calling card distributor, for that matter), there must be in place a confidentiality order to protect the extremely sensitive nature of the documents and information sought.  During our early evening call on March 30th, plaintiffs' counsel indicated to me that they would undertake to draft and forward me such a document, but to date have not done so.  Even if these issues are promptly resolved -- which we suspect can be accomplished without the need for Court intervention -- the volume of documents to be produced will still be substantial and will take time.  Thus, the Court should extend Old STi's discovery deadline until May 11th.[4]

Respectfully submitted,

HERRICK, FEINSTEIN LLP

By: _____
        John R. Goldman

JRG/fc

cc: Gerald J. Ferguson, Esq. (via electronic mail)

---

[1] After March 23, 2007, plaintiffs entered into similar agreements with Locus Telecommunications, Inc., and the Dollar entities (i.e., Dollar Phone Services, Inc., Dollar Phone Enterprises, Inc., Dollar Phone Corporation, and Dollar Phone Access, Inc).

[2] Plaintiffs have since agreed to extend that deadline to April 9, 2007.

[3] Plaintiffs' only offer to date is that Old STi agree not to contest the testing plaintiffs did prior to initiating this action, an unproductive suggestion to say the least.

[4] But for plaintiffs filing of an amended complaint yesterday we would have also requested that the Court set April 20 as the date for Old STi to answer or move. The filing and service of plaintiffs" amended complaint, however, extends that time automatically so that request is no longer necessary. We raise it here as yet another reason why Old STi's requests for an adjournment of the hearing-related dates and an extension of the discovery deadline should be granted.