<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

IDT TELECOM, INC., ET AL.,

        Plaintiffs,

  v.

CVT PREPAID SOLUTIONS, INC., ET AL.,

        Defendants.

Civil Action No. 07-1076(SDW)

**OPINION**

May 20, 2008

**WIGENTON, District Judge**

This matter comes before the Court on a Motion to Enforce the March 23, 2007 Settlement Agreement or Alternatively for a Stay filed by Defendants Dollar Phone Services, Inc., Dollar Phone Enterprises, Inc., Dollar Phone Corp. and Dollar Phone Access, Inc. (collectively, "Defendants")[1] and a Cross Motion to Enforce the March 23, 2007 Settlement Agreement filed by Plaintiffs IDT Telecom, Inc. and Union Telecard Alliance, LLC (collectively, "Plaintiffs").[2] The Motion and Cross Motion are decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Motion and Cross Motion to Enforce the March 23, 2007 Settlement Agreement are denied, the March 23, 2007 Settlement Agreement is rescinded and the April 2, 2007 Stipulation and Order of Dismissal[3] with respect to Defendants is vacated.

**<u>Discussion</u>**

Rescission, of course, is an equitable remedy and only available in

---

[1] This Motion appears at docket entry #264.

[2] This Motion appears at docket entry #279.

[3] This Stipulation and Order of Dismissal appears at docket entry #57.

> limited circumstances. Leaving aside those circumstances where the parties consent, contracts may only be rescinded where there is either original invalidity, fraud, failure of consideration or a material breach or default. Even where grounds for rescission exist, however, the remedy is discretionary and will not be granted where the offended party has not acted within a reasonable time, or where there has been substantial performance. . . . [I]n order to grant rescission the court must also be able to return the parties to the ground upon which they originally stood.

*Hilton Hotels Corp. v. Piper Co.*, 214 N.J. Super. 328, 336 (Ch. Div. 1986) (internal citations and quotations omitted).

Plaintiffs and Defendants agree that the March 23, 2007 Settlement Agreement should be rescinded because— as they assert—their adversaries have materially breached their obligations under such Agreement.[4] Defendants requested rescission during a February 14, 2008 conference,[5] and Plaintiffs requested rescission in the memorandums supporting their Cross Motion to Enforce the March 23, 2007 Settlement Agreement,[6] which was filed on February 26, 2008.

In addition to the parties' request for rescission, rescission of the March 23, 2007 Settlement Agreement is appropriate for several reasons. First, since the execution of the March 23, 2007 Settlement Agreement, Plaintiffs and Defendants have disagreed as to material language that underlies their agreement. Namely, they disagree as to the meaning of "commercially reasonable efforts to fully comply with and implement the provisions of Section 1.1." (Mar. 23, 2007

---

[4] The Court makes no finding as to whether Plaintiffs or Defendants have breached the March 23, 2007 Settlement Agreement.

[5] Tr. 18:10-22, Feb. 14, 2008.

[6] Mem. of Law in Supp. of Cross Mot. to Enforce the March 23, 2007 Settlement Agreement at 16-17, Reply Mem. of Law in Further Supp. of Cross Mot. to Enforce the March 23, 2007 Settlement Agreement at 13-15.

2

Settlement Agreement, Paragraph 1.3.)  Second, both parties have acted within a reasonable time in seeking a rescission of the March 23, 2007 Settlement Agreement considering that they provided some time for their adversaries to change their business practices in the prepaid calling card industry.  Third, the parties complain that their adversaries are not performing as the March 23, 2007 Settlement Agreement requires.  Finally, rescission will restore the parties to their original positions.

**Conclusion**

For these reasons, the Motion and Cross Motion to Enforce the March 23, 2007 Settlement Agreement are denied, the March 23, 2007 Settlement Agreement is rescinded and the April 2, 2007 Stipulation and Order of Dismissal with respect to Defendants is vacated.  Defendants are restored to this case, and the parties are directed to contact Judge Madeline Cox Arleo, U.S.M.J. immediately for a discovery schedule.

Plaintiffs agreed to withdraw, without prejudice, their Motion for Sanctions.[7]  Thus, the Motion for Sanctions is moot and terminated.

**S/Susan D. Wigenton, U.S.D.J.**

cc: Judge Madeline Cox Arleo, U.S.M.J.

---

[7] This Motion appears at docket entry #307.